

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00434-CR
_____

KIMEELE CAROLYN BLACK-THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 4889; Honorable Stuart Messer, Presiding

July 7, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In June 2012, following a plea of guilty pursuant to a plea bargain, Appellant, Kimeele Carolyn Black-Thomas, was placed on deferred adjudication community supervision for three years for possession of marihuana.[1]  Eleven months later, the State moved to adjudicate Appellant guilty of the charged offense for violating numerous

---

[1] TEX. HEALTH AND SAFETY CODE § 481.121(a)(3) (West 2010).  As charged, the offense is a state jail felony punishable for any term of not more than two years or less than 180 days.  TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014).

conditions of her community supervision. At a hearing on the State's motion, Appellant entered pleas of true to each of the State's allegations. The trial court then heard evidence concerning those violations, revoked her deferred adjudication community supervision, and assessed punishment at twenty months confinement in a state jail facility and a $2,500 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to review the record and file a *pro se* response if she desired to do so,[3] and (3) informing her of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this court granted

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for purposes of filing a *pro se* response).

[4] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise her right to file a response to counsel's brief. Appellant did file a response and this court has reviewed it. The State did not favor us with a brief.

By the *Anders* brief, counsel evaluates the underlying proceedings and raises potential error in (1) the sufficiency of the evidence to support revocation, (2) the effectiveness of counsel's performance, and (3) the range of punishment. Counsel then concludes the record does not support reversible error.

STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). When more than one violation of the conditions of community supervision is alleged, a single violation is adequate and the revocation order shall be affirmed if at least one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). The trial court abuses its discretion in

3

revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

ANALYSIS

Appellant's community supervision officer testified to various violations of the conditions of community supervision including failure to report, failure to pay community supervision fees, and failure to complete the required hours of community service. Appellant testified that she suffers from medical and mental issues and was struggling financially. However, she also testified that at one point during her community supervision, she was employed as a licensed nurse making approximately twenty-one dollars per hour. She also received financial assistance from her family in California to pay for a bond when she was arrested. She further testified that she made several trips to California to visit after she was placed on community supervision. The trial court found that she had financial resources and an ability to pay but chose to apply those resources elsewhere than on her community supervision obligations. Based on her pleas of true and the evidence, the trial court did not abuse its discretion in finding the State's allegations to be true and revoking Appellant's community supervision.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous

4

and issue an opinion explaining that we have reviewed the record and find no reversible error, *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We have independently examined the entire record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.